UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LORI LECLAIRE, individually and on behalf of all others similarly situated | § § § § § § § § § § § § | Docket No. _____ |
| Plaintiff, | | |
| vs. | | JURY TRIAL DEMANDED |
| CWI, INC. d/b/a CAMPING WORLD, INC. | | |
| Defendant. | | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1. Lori LeClaire ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages from CWI, Inc. d/b/a Camping World, Inc. ("Camping World") for herself and all others similarly situated under the Fair Labor Standards Act ("FLSA"). Instead of paying Plaintiff overtime, Camping World paid all of its parts coordinators a base salary and bonuses. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Defendant's principal place of business is 250 Parkway Drive, Ste 270, Lincolnshire, Illinois 66069.

### III. THE PARTIES

5. Plaintiff worked for Camping World as a parts coordinator from approximately July 2013 until November 2016. Her consent to be a plaintiff is attached as Ex. A.

6. The nationwide class of similarly situated employees ("Class Members") is:

> All parts coordinators employed by Camping World over the past three (3) years who were paid a base salary and/or bonuses with no overtime compensation.

7. The precise size, identity, rates of pay and dates of employment of the Class Members are ascertainable from Camping World's business records, tax records, and/or personnel records. Camping World was under an obligation to maintain these records in accordance with the FLSA. 29 U.S.C. §211(c); 29 C.F.R. §§516.1-516.5.

8. Camping World may be served by serving its registered agent: CT Corporation System, 208 So. Lasalle St., Ste. 814, Chicago, Illinois 60604.

### IV. COVERAGE UNDER THE FLSA

9. At all times, Camping World has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Camping World has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Camping World has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of

sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiff and the Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## V. FACTS

13. Camping World is a camping and outdoor lifestyle retail company with significant operations throughout the United States. http://www.campingworld.com/stores/. Camping World is America's "#1 source for RVs" and also offers camping accessories, RV maintenance, and RV repairs. http://rv.campingworld.com/employment.

14. Over the three-year statutory time period, Camping World has employed hundreds of parts coordinators throughout the country to service its RV and retail clients. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work.

15. A parts coordinators' primary job duty is to supply parts for Camping World's RV service technicians and customers. *See* Ex. B. A parts coordinator may discuss the parts necessary for the RV repair or maintenance, research "hard to find parts," maintain "appropriate levels of parts kept in stock," and place and track parts orders. *Id.* They do this under direct supervison and are responsible for keeping their supervisors apprised of their work progress. *Id.*

16. Camping World requires little to no official training to be a parts coordinator, nor is a college education is required. *Id.* Parts coordinators do not have the authority to hire or fire other employees, nor do they manage or supervise other employees.

17. Camping World's parts coordinators worked similar hours each week and were denied overtime as a result of the same illegal uniform pay practice that Defendant implemented

3

in violation of the FLSA. Although Camping World's parts coordinators were generally scheduled to work forty (40) hours per workweek, they customarily worked more than forty (40) hours per workweek without being paid overtime compensation. Instead, parts coordinators were paid a base salary plus bonuses for all time worked in individual work weeks.

18. Thus, Plaintiff and all those similarly siutaed contend Camping World owes its parts coordinators overtime compensation in accordance with 29 U.S.C. § 207(a)(1).

## VI. FLSA Violations

19. During the relevant time period, Camping World violated and is violating the provisions of 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating them for their hours worked in excess of forty (40) hours per week at rates no less than one and one-half (1.5) times the regular rates for which they were employed.

20. Camping World knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and all those similarly situated overtime compensation. Camping World's decision not to pay overtime compensation to its parts coordinators was neither reasonable, nor in good faith. Accordingly, Plaintiff and the Class Members are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VII. Collective Action Allegations

21. Numerous employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. Many of these employees worked with Plaintiff and reported they were paid in the same manner and were not properly compensated for all hours

worked as required by the FLSA. Thus, from her observations and discussions with these employees, Plaintiff is aware that Camping World's illegal pay practices have been imposed on the Class Members nationwide.

22. The Class Members all received a salary plus bonuses, regularly worked in excess of forty (40) hours per week, and were not paid overtime compensation. These employees are victims of Camping World's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay provisions, and employment practices.

23. Camping World's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Class Members. Thus, Plaintiff's experiences are typical of the experiences of the Class Members.

24. Any variance in the specific job titles or precise job locations of the various Class Members does not prevent collective treatment. All of the Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts that demonstrate Camping World's liability.

## VIII. Relief Sought

25. WHEREFORE, Plaintiff prays for judgment against Camping World as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Camping World liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

   b. For an Order awarding Plaintiff the costs of this action;

   c. For an Order awarding Plaintiff attorneys' fees;

d. For an Order awarding Plaintiff unpaid benefits and compensation in connection with the FLSA violations;

e. For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law;

f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Douglas M. Werman
     One of Plaitiff's Attorneys

Michael A. Josephson -- mjosephson@fibichlaw.com
Texas State Bar No. 24014780
Jessica M. Bresler -- jbresler@fibichlaw.com
Fed Id. 2459648
Texas State Bar No. 24090008
**FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON**
1150 Bissonnet
Houston, Texas 77005
713-751-0025 – Telephone
713-751-0030 – Facsimile


Douglas M. Werman – dwerman@flsalaw.com
Maureen A. Salas – msalas@flsalaw.com
Sarah J. Arendt – sarendt@flsalaw.com
Zachary C. Flowerree – zflowerree@flsalaw.com
**WERMAN SALAS P.C.**
77 W. Washington St., Ste. 1402
Chicago, IL 60602
(312) 419-1008 – Telephone
(312) 419-1025 – Facsimile


**ATTORNEYS IN CHARGE FOR PLAINTIFF**